FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 10 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

ANGELA DE LAIRE,

Defendant.

13-CR-387

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On August 6, 2013, defendant Angela De Laire pleaded guilty to the importation of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3).

De Laire was sentenced on November 25, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The total offense level is seventeen and defendant's criminal history category is I, yielding a guidelines range of imprisonment of twenty-four to thirty months. The maximum term of imprisonment is twenty years, with a maximum fine of $1,000,000.00. 21 U.S.C. § 960(b)(3). The calculation of the total offense level included a two point "safety valve" reduction, a four point reduction for her minimal role, a three-point adjustment for defendant's acceptance of responsibility, and an additional four point reduction based on the United States Attorney's Office's new policy for low-level drug couriers.

De Laire was sentenced to 8 months. A $100 special assessment was imposed. 18 U.S.C. § 3013. No fine was imposed; the defendant does not have any assets, and it is unlikely that she will have any in the near future.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors in 18 U.S.C. § 3553(a). The sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

Considered was the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). De Laire transported several kilograms of cocaine on a commercial flight originating in Georgetown, Guyana. De Laire's suitcase was flagged during a routine K-9 unit inspection at John F. Kennedy International

Airport, which resulted in a Customs search revealing cocaine in a false bottom of her suitcase. Defendant indicated that this is the second time she has brought drugs into the United States. This is a serious offense.

De Laire is a citizen of Guyana. She grew up in extreme poverty in a squatter's community with little support or contact from her father. She stopped attending school at age 13 and has worked full-time in low-paying jobs since she was 15 years old. She has never earned enough to support herself.

De Laire gave birth to a son five years ago. The father of her child is not supportive either financially or otherwise. De Laire has a difficult time providing for herself and her son. This economic pressure led to her violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3).

Section 3553(a)(2)(B) stresses two major considerations: specific and general deterrence. Specific deterrence will be substantially achieved through the sentence of 8 months followed by deportation. Given the defendant's impoverished background, difficult life, and her sincere desire to take up her parental responsibilities, it is unlikely she will engage in further criminal activity.

General deterrence is satisfied by the sentence imposed. It sends a clear message that importation of narcotics into the United States will be met with severe penalties.

Jack B. Weinstein
Senior United States District Judge

Dated: November 26, 2013
Brooklyn, New York